UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 6:13-cr-00047-GFVT-HAI-15 |
| V. | ) ) | |
| TERRY HAMRICK, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the alleged violations by Defendant Terry Hamrick of his supervised release conditions. Following the final hearing before Magistrate Judge Hanly A. Ingram, Judge Ingram issued a Recommended Disposition concerning Mr. Hamrick's alleged violations. [R. 884.] After consulting with counsel, Mr. Hamrick freely and voluntarily waived his right to an allocution hearing. [R. 885.] For the reasons that follow, the Recommended Disposition [R. 884] will be adopted.

Judgment was originally entered against Mr. Hamrick in February 2015, after he pleaded guilty to participating in a conspiracy to manufacture methamphetamine.[1] [R. 626; R. 724.] At that time, Mr. Hamrick was sentenced to eighty-four months of imprisonment, followed by a four-year term of supervised release. [R. 626 at 2–3.] Mr. Hamrick was released on March 7, 2019.

---

[1] Judge Ingram's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of the case. [*See* R. 884.] In addition to what the Court summarizes in its discussion below, the Court incorporates Judge Ingram's discussion of the record into this Order.

On September 8, 2020, the United States Probation Office issued a Supervised Release Violation Report ("Report") which initiated these proceedings.  Mr. Hamrick made his initial appearance on September 9, 2020 and was remanded to custody at that time.  [R. 880.]  The Report issued by the USPO charged Mr. Hamrick with two violations, each stemming from his submission of a urine sample which tested positive for buprenorphine and methamphetamine.  [*See* R. 884 at 2.]  Specifically, Violation #1 alleges that Mr. Hamrick violated the condition of his supervised release which, among other things, requires him to not purchase, possess or use any controlled substance, except as prescribed by a physician.  *Id.*  Such conduct would constitute a Grade C violation.  *Id.*  Violation #2 alleges that Mr. Hamrick violated the condition of his supervised release which requires him to not commit another federal, state, or local crime.  *Id.*  Based on Mr. Hamrick's prior drug conviction, use is the same as possession.  *Id.*  Therefore, his alleged use of methamphetamine is conduct in violation of 21 U.S.C. § 844(a), Possession of a Controlled Substance, a Class E Felony.  *Id.*  This conduct would constitute a Grade B violation.  *Id.*

At the final hearing before Judge Ingram on October 8, 2020, Mr. Hamrick competently entered a knowing, voluntary, and intelligent stipulation to both violations as charged in the Report.  [R. 881.]  The parties did not offer a jointly recommended sentence.  [R. 884 at 4.]  The United States argued for a revocation sentence of eighteen months of imprisonment, along with two years of supervised release.  *Id.*  Defense counsel argued for time served, followed by six months of home incarceration.  *Id.*

On October 9, 2020, Judge Ingram issued a Recommended Disposition recommending that, upon Mr. Herrick's stipulation, he be found guilty of both violations.  *Id.* at 8.  Further, Judge Ingram recommended revocation of his supervised release and a term of twelve months

and one day of imprisonment, followed by a three-year term of supervised release, under the same conditions of supervision previously imposed.[2] *Id.*; [*See* R. 626.] On October 23, 2020, Mr. Hamrick freely and voluntarily waived his right to an allocution hearing. [R. 885.]

There are no objections to Judge Ingram's Recommended Disposition. When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 884**] as to Defendant Terry Hamrick is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Hamrick is found to have violated the terms of his Supervised Release as set forth in the Supervised Release Violation Report filed by the U.S. Probation Office and the Recommended Disposition of the Magistrate Judge; and

3. Hamrick's Supervised Release is **REVOKED**; and

4. Hamrick is **SENTENCED** to the Custody of the Bureau of Prisons for a term of twelve (12) months and one (1) day, with a three-year term (3) of supervised release, under the conditions imposed in [R. 626], to follow.

---

[2] As Judge Ingram notes in his Recommended Disposition, Defendant still owes restitution on the underlying judgment, and continuing payment is a condition of his supervised release. [*See* R. 884 at 8.]

This is the 4th day of November, 2020.

Gregory F. Van Tatenhove
United States District Judge